IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GERALENE CAROL LINCOLN,
Petitioner                                    *

        v.                                    *           CIVIL ACTION NO. WDQ-10-1892

CARROLL PARRISH, et al,                       *
Respondents

MEMORANDUM OPINION

Respondents move to dismiss Geralene Carol Lincoln's application for a writ of habeas

corpus as time-barred pursuant to 28 U.S.C. § 2244(d). Paper No. 5. After reviewing these

papers the Court finds no need for an evidentiary hearing. [1] *See* Rule 8(a), <u>Rules Governing

Section 2254 Cases in the United States District Courts</u>; *see also* 28 U.S.C. §2254(e)(2). For the

following reasons, the Court will dismiss the petition with prejudice as time-barred.

I.      Background

On October 1, 2003, Lincoln was convicted following a bench trial in the Circuit Court

for Baltimore City of first-degree murder and conspiracy to commit first-degree murder. Paper

No. 5, Exs. 1-2. On May 24, 2004, the Honorable John Glynn sentenced her to fifteen years

imprisonment. *Id.* On January 10, 2006, the judgment was affirmed on direct appeal.[2] *Id.*, Ex.

2. On April 14, 2006, The Court of Appeals of Maryland denied further review. *Id.*, Ex. 3. On

October 30, 2006, the United States Supreme Court denied certiorari and Lincoln's conviction

became final by the conclusion of direct review. *Id.*, Ex. 4.

Lincoln initiated post-conviction proceedings in the Circuit Court for Baltimore City on

February 1, 2008, more than one year after the conclusion of direct review. *Id.* Ex. 1. She

---

[1] Lincoln was provided an opportunity to present argument as to whether equitable tolling applies. Lincoln's reply, docketed as Paper No. 7, has been read and considered.

[2] Lincoln filed a post-conviction petition while her direct appeal was pending. It was denied without prejudice on March 24, 2005. Paper No. 5, Ex. 1.

withrew the petition without prejudice on November 12, 2008. *Id.* On January 8, 2009, she filed a subsequent petition for post-conviction relief, which was denied on July 30, 2009. *Id.* In a June 9, 2010 opinion, the Court of Special Appeals of Maryland deined Lincoln's application for leave to appeal the denial of post-conviction relief.[3] *Id.* Lincoln's federal habeas corpus petition, dated June 14, 2010, was filed on July 13, 2010.[4]

II.     Analysis

A one-year statute of limitations applies to habeas petitions. *See* 28 U.S.C. § 2244(d).[5] The year begins to run on "the date on which the judgment became final by the conclusion of direct review." *Id.* The one-year period is tolled while properly filed post-conviction proceedings are pending, and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v.*

---

[3] The court's mandate issued on July 9, 2010. Paper No. 5, Ex. 5.

[4] The petition is deemed filed on June 14, 2010, pursuant to the "prison mailbox rule." *See United States v. Dorsey*, 988 F.Supp. 917, 919-20 (D. Md. 1998).

[5] This section provides:

> (1)     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B)     the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)     the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Hutchinson,* 209 F.3d 325, 328 (4th Cir. 2000).

Because Lincoln failed to file her petition within one year after conclusion of direct review, and no post-conviction proceedings were pending during that year, she must show that the statute of limitations should be equitably tolled. *Id.* Equitable tolling requires Lincoln to establish that (1) the respondents' wrongful conduct contributed to her delayed petition, or (2) that the delay was due to circumstances beyond her control. *See Rouse v. Lee*, 339 F. 3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson,* 209 F. 3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*

Nothing in the record suggests that wrongful conduct or circumstances beyond Lincoln's control prevented her from promptly seeking post-conviction relief following completion of direct review. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rouse*, 339 F.3d at 246. To the extent delay is attributed to her lack of understanding of the law, it is not a reason to apply equitable tolling. *See United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004). Lincoln has failed to satisfy her burden to demonstrate that equitable tolling is warranted, and the petition is time-barred.

III.   Conclusion

For the reasons stated herein, the Court will dismiss the petition. A certificate of appealability will not issue because Lincoln has not made a "substantial showing of the denial of a constitutional right."[6]

October 27, 2010                             _____/s/_____
Date                                                 William D. Quarles, Jr.
                                                         United States District Judge

---

[6] When a district court dismisses a habeas petition on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir.) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)).